IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30153-SMY |
| | ) |
| LEE E. NICHOLS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Lee E. Nichols was sentenced on April 19, 2019 to 71 months' imprisonment with three years of supervised release for being a felon in possession of a firearm (Count 1) and possession of methamphetamine (Count 2) (Doc. 99). Nichols recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 169)[1]. Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Nichols's behalf to determine his eligibility for a sentence reduction (Doc. 171). FPD Freter has now moved to withdraw, asserting that Nichols is ineligible for a sentence reduction under Amendment 821 (Doc. 174). Nichols has not responded to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. This Amendment is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to U.S.S.G. § 1B1.10, effective November 1, 2023. Under this Amendment, a district court may reduce a sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by the U.S. Sentencing Commission and

---

[1] Nichols also filed supplemental motions for sentence reduction on September 3, 2024 and September 16, 2024 (Docs. 172, 173).

its policy statements. 18 U.S.C. § 3582(c). Importantly, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. The amendment does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10.

Here, Nichols was released from the Bureau of Prisons and began his supervised release in October 2022 (Doc. 134). The Court revoked his supervised release on February 26, 2024, and sentenced him to a 24-month sentence (Doc. 161). Because the U.S.S.G. § 1B1.10 does not "authorize a reduction in the term of imprisonment imposed upon revocation of supervised release", Nichols is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 174) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Docs. 169, 172, 173) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 7, 2024**

**STACI M. YANDLE**
**United States District Judge**